# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Nicholas Koulpasis, ) | |
| ) | Civil Action No.: 0:19-cv-02674-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| State Farm Fire and Casualty Company and ) | |
| The Hartford (Insurance Company), ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on State Farm Fire and Casualty Company's Motion to Dismiss the Amended Complaint and Memorandum in Support of Motion to Strike the Amended Complaint. (ECF No. 18.) For the reasons stated below, the court **GRANTS** State Farm Fire and Casualty Company's Motion to Dismiss the Amended Complaint.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2019, Plaintiff filed a Summons and Complaint in the Court of Common Pleas in York County, South Carolina seeking reformation of his State Farm policy to include UIM [uninsured motorist ("UIM")] coverage in the same limits as the liability coverage in the policy; a declaration that Plaintiff is a Class I insured under both Defendants' policies; a declaration that Plaintiff is entitled to collect UIM coverage from State Farm ($25,000.00) and Hartford ($300,000.00); and costs and expenses. (ECF No. 1 at 13.) The actions for declaratory judgment are brought pursuant to S.C. Code Ann. §§ 15-53-10, *et seq.* (West 2020). (ECF No. 1 at 7.)

On September 20, 2019, The Hartford (Insurance Company) filed a Notice of Removal asserting that the United States District Court for the District of South Carolina held jurisdiction over the matter based on complete diversity of citizenship between the Parties and the amount in

controversy having been met. (ECF No. 1 at 2–4.) On September 23, 2019, the court issued a Conference and Scheduling Order, which included the deadline for motions to amend pleadings as December 9, 2019. (ECF. No. 5.) On December 10, 2019, Plaintiff filed an Amended Complaint. (ECF No. 16.) Based on a careful examination of the Summons and Complaint, Plaintiff's Amended Complaint contains the following changes:

(1) Addition of the section header entitled "First Cause of Action";
(2) Addition of paragraph 13, "The Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12 as fully and effectively as if set forth herein verbatim";
(3) Addition of paragraph 19, "The Plaintiff operated the motor vehicle insured by State Farm regularly and at times solely";
(4) Addition of the section header entitled "For A Second Cause of Action (Declaratory Judgment)";
(5) Addition of paragraphs 21–28, alleging that "State Farm failed to properly insure the vehicle in only offering coverage to one title owner and failing to provide any exclusion under the policy for the other title owner" and "[a]s the title owner of the vehicle, State Farm had an obligation to provide a meaningful offer of UIM coverage or provide any exclusion under the policy for the other title owner."

(ECF No. 16 at 4, 5 ¶ ¶ 26–27.)

On December 17, 2019, State Farm filed a Motion to Dismiss Amended Complaint, with an attached Memorandum in Support of Motion to Strike Amended Complaint. (ECF No. 18.) State Farm moves to dismiss the Amended Complaint pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure. (ECF No. 18.)

## II.     LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading once, as a matter of course, within a certain time. *See* Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the

opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d. 503, 509 (4th Cir. 1986). State Farm contends that Plaintiff's Amended Complaint should be dismissed because "it was filed without leave of court or consent of opposing counsel and is a legal nullity." (ECF No. 18 at 1.)

Once a scheduling order has been entered and the time period to file amendments to the pleading(s) has expired, the party moving to amend must satisfy Rule 16(b). *See* Fed. R. Civ. P 16(b). Rule 16(b) instructs that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* When a party seeks to file amendments to a pleading after a scheduling order deadline, courts subject those amendments to a two-step analysis. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. Mar. 25, 1997). First, "a movant must ... demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must *then* pass the requirements for amendment under Rule 15(a)." *Id.* (emphasis in the original) (internal quotations omitted). Movants must meet Rule 16(b)'s good cause standard under such circumstances "by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

### III.     ANALYSIS

In the case presented, Plaintiff has not set forth any arguments as to why the court must allow for the Amended Complaint to stand. State Farm argues that the Amended Complaint should be dismissed because Plaintiff filed the Amended Complaint outside the twenty-one (21) day period without "opposing party's written consent or with the Court's leave." (ECF No. 18 at 3.)

The purpose of Rule 15(a)(2) is to "give effect to the favored policy of resolving cases on their merits rather than disposing them on mere technicalities." *Labor v. Harvey*, 438 F.3d 404,

426 (4th Cir. 2006) (en banc). The ability to grant or deny a party the chance to amend is in the discretion of the court. *See Forman v. Davis*, 317 U.S. 178, 182 (1962). The Amended Complaint was filed on December 10, 2019, which was outside the time period to amend pleadings (*see* ECF No. 5) and thus required good cause for the amendment. *See* Fed. R. Civ. P. 16(b)(4).

Since the Amended Complaint was filed outside the time period to amend pleadings, the failure to request leave from the court or consent from opposing counsel renders the pleading to be more than technically deficient. *See United States ex rel. Mathews v. Healthsouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Additionally, "[i]f an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect." *Booth v. United States*, No. Civ. F. 07-486 AWI WMW, 2007 WL 2462158, at 1 (E.D. Cali. 2007). Plaintiff has not set forth any showing that he has good cause for his untimely filed Amended Complaint. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Plaintiff's Amended Complaint was filed after the statutory-required period and did not comply with Rule 15(a) or 16(b). The Amended Complaint, therefore, has no legal effect and is a nullity.

## IV.     CONCLUSION

For the reasons above, the court **GRANTS** Defendant State Farm Fire and Casualty Company's Motion to Dismiss Amended Complaint (ECF No. 18) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2020
Columbia, South Carolina