# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Nicholas Koulpasis, ) | Civil Action No.: 0:19-cv-02674-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| State Farm Fire and Casualty Company and ) | |
| The Hartford Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Nicholas Koulpasis filed this declaratory judgment action against Defendants State Farm Fire and Casualty Company ("State Farm") and The Hartford Insurance Company ("Trumbull")[1] (together "Defendants") seeking a declaration by the court that his post-accident damages are covered by the under-insured motorist ("UIM") provision of automobile insurance policies issued by State Farm to his wife and by Trumbull to his parents. (*See* ECF No. 1-1 at 7 ¶ 18–9 ¶ 27.)

This matter is before the court on State Farm and Trumbull's separate Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF Nos. 34, 35.) Plaintiff opposes both Motions respectively. (ECF Nos. 37, 39.) For the reasons set forth below, the court **GRANTS** State Farm's Motion for Summary Judgment and **GRANTS** Trumbull's Motion for Summary Judgment.

## I.    JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds

---

[1] In its Motion for Summary Judgment, Defendant The Hartford Insurance Company asserts that it is "properly identified as Trumbull Insurance Company." (*See* ECF No. 35 at 1.)

1

$75,000.00, exclusive of interest and costs. For jurisdictional purposes, Plaintiff alleges that he is a citizen of York County, South Carolina. (*See* ECF No. 1-1 at 5 ¶ 1.) Plaintiff further alleges that State Farm is "a company organized and incorporated pursuant to the laws of the State of Illinois" and Trumbull is a "corporation organized and existing pursuant to the laws of the State of Connecticut." (*Id.* ¶¶ 2, 3; *see also* ECF Nos. 3 at 1 ¶ 2, 7 at 1 ¶ 3.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See* ECF Nos. 1 at 3 ¶¶ 11, 12, 1-1 at 9 ¶ 27.)

## II.     RELEVANT BACKGROUND TO THE PENDING MOTIONS

On July 24, 2016, Plaintiff was driving a 2006 Kia Optima that he co-owned with his wife, Mary Testa, when he got into an automobile accident with Jean Marie Sebastian Francois.[2] (ECF Nos. 1-1 at 6 ¶ 7, 34-2 at 8:11–20.) Francois had liability coverage of $30,000.00 with Dairyland Insurance Company. (*See* ECF Nos. 35-1 at 5 ¶ 9, 34-3 at 2:8–13.) Because he allegedly sustained damages in excess of Francois' liability coverage (*see* ECF No. 1-1 at 6 ¶ 9), Plaintiff filed the instant declaratory judgment action against Defendants in the Court of Common Pleas for York County, South Carolina on July 23, 2019. (ECF No. 1-1.) Plaintiff seeks to (1) reform Testa's State Farm Policy No. 514 5422-D21-40 (the "State Farm Policy") to include UIM coverage in the same limits as the liability coverage in the policy; (2) have the court declare that Plaintiff is a Class I insured and can stack UIM under the State Farm Policy and Trumbull Policy No. 55 PHB258994, which insured Plaintiff's parents Konstantinos and Katherine Koulpasis; and (3) collect $25,000.00 from State Farm and $300,000.00 from Trumbull.[3]

---

[2] The court observes that Plaintiff's co-ownership of the Kia was not demonstrated until a February 2, 2021 motions hearing wherein counsel for Trumbull submitted a copy of the Kia's title history for the court's consideration. (*See* ECF No. 45.)

[3] As specified herein, Plaintiff brings this action pursuant to the court's diversity jurisdiction. In a diversity suit, a federal district court must apply the rules of the forum state when addressing

On September 20, 2019, Trumbull removed the case to this court based on diversity jurisdiction. (ECF No. 1.) On September 23, 2019, the court issued a Conference and Scheduling Order, which included a deadline for motions to amend pleadings as December 9, 2019. (ECF No. 5.) On December 10, 2019, Plaintiff filed an Amended Complaint. (ECF No. 16.) On December 17, 2019, State Farm filed a Motion to Dismiss the Amended Complaint pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure. (ECF No. 18.) On June 30, 2020, the court granted State Farm's Motion to Dismiss the Amended Complaint thereby nullifying the Amended Complaint. (ECF No. 29 at 4.)

Thereafter, on November 4, 2020, State Farm filed a Motion for Summary Judgment and Trumbull filed a Motion for Summary Judgment on November 16, 2020. (ECF Nos. 34, 35.) Plaintiff responded in opposition to State Farm's Motion for Summary Judgment on November 30, 2020, and to Trumbull's Motion for Summary Judgment on December 8, 2020. (*See* ECF Nos. 37, 39.) On February 2, 2021, the court heard oral argument from the parties on the instant Motions. (ECF No. 45.)

### III.     LEGAL STANDARD

A.     <u>Declaratory Judgment Actions</u>

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling

---

choice-of-law questions. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). South Carolina choice-of-law rules dictate that the court must apply the law specified in a contract. *See Bannister v. Shepherd*, 4 S.E.2d 7, 9 (S.C. 1939); *Livingston v. Atl. Coast Line R.R. Co.*, 180 S.E. 343, 345 (S.C. 1935). Under the provisions of the State Farm Policy and the Trumbull Policy, South Carolina law generally governs. (*See, e.g.*, ECF Nos. 34-5 at 17 ¶ 14, 35-2 at 4.)

Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).  Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998).  "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

B.    <u>Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th

Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

C.     General Principles of South Carolina Insurance Law

Under South Carolina law, insurance policies are subject to the general rules of contract construction. *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *Id.* The court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary, and popular meaning. *Id.* "[I]n construing an insurance contract, all of its provisions should be considered, and one may not, by pointing out a single sentence or clause, create an ambiguity." *Yarborough v. Phoenix Mut. Life Ins. Co.*, 225 S.E.2d 344, 348 (S.C. 1976).

An insurer's obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction. *S.C. Ins. Co. v. White*, 390 S.E.2d 471, 474 (S.C. Ct. App. 1990). A policy clause extending coverage must be liberally construed in favor of coverage, while insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability. *M&M Corp. of S.C. v. Auto–Owners Ins. Co.*, 701 S.E.2d 33, 35 (S.C. 2010); *Owners Ins. Co. v. Clayton*, 614 S.E.2d 611, 614 (S.C. 2005). "However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend coverage that was never intended by the parties." *S.C. Farm Bureau Mut. Ins. Co. v. Wilson*, 544 S.E.2d 848, 850 (S.C. Ct. App. 2001).

## IV.     ANALYSIS

A.     State Farm's Motion for Summary Judgment

  *1. The Parties' Arguments*

State Farm argues it is entitled to summary judgment because it is undisputed that it issued the State Farm Policy to Mary Testa and she as the named insured rejected a meaningful offer of UIM coverage on October 21, 2014.[4]  (ECF Nos. 34 at 1, 34-1 at 3–4, 34-7.)  State Farm argues that the evidence of record clearly demonstrates that Plaintiff knew that his name was not on Testa's State Farm Policy and he has expressly acknowledged that Testa was provided a meaningful offer of UIM coverage, which offer she declined.  (*See* ECF Nos. 34-2 at 5:7–25, 34-6 at 4 ¶ 4.)  State Farm further argues that the form Testa signed to reject UIM coverage meets the standard required by S.C. Code Ann. § 38-77-350 (West 2021).[5]  (ECF No. 34-1 at 2.)  Therefore,

---

[4] Testa also testified as follows:

> Q.  Okay.  And look at kind of the bottom of the second page right above your signature.  It had a question, do you wish to purchase additional uninsured motorist coverage and it was marked no.
> A.  Right.
> Q.  And you didn't want to buy additional uninsured motorist coverage; did you?
> A.  Right.
> Q.  And if you turn to the next page, the third page of Exhibit 2, there is a question kind of in the middle of the page.  Do you wish to purchase optional underinsured motorist coverage and it's marked no again; right?
> A.  Yes.
> Q.  And you did not wish to purchase optional underinsured motorist coverage.  Is that correct?
> A.  Correct.

(ECF No. 34-3 at 4:16–5:8.)

[5] The express provisions of S.C. Code Ann. § 38-77-350 (West 2021) are as follows:

> (A) The director or his designee shall approve a form that automobile insurers shall use in offering optional coverages required to be offered pursuant to law to applicants for automobile insurance policies.  This form must be used by insurers for all new applicants.  The form, at a minimum, must provide for each optional

State Farm asserts that it cannot be liable for Plaintiff's damages based on Testa's rejection of UIM coverage. (*Id.*)

Plaintiff opposes State Farm's Motion for Summary Judgment asserting that it failed to undertake its obligation or "duty to exercise due diligence to ensure that any titled owner of a vehicle is protected under the policy and given the opportunity to be presented with a meaningful offer of coverage."[6] (ECF 37 at 2.) In this regard, Plaintiff asserts that there is a genuine issue of material fact regarding "whether Plaintiff was an owner of the KIA" entitling him to a meaningful

---

coverage required to be offered: (1) a brief and concise explanation of the coverage; (2) a list of available limits and the range of premiums for the limits; (3) a space to mark whether the insured chooses to accept or reject the coverage and a space to state the limits of coverage the insured desires; (4) a space for the insured to sign the form that acknowledges that the insured has been offered the optional coverages; (5) the mailing address and telephone number of the insurance department that the applicant may contact if the applicant has questions that the insurance agent is unable to answer. (B) If this form is signed by the named insured, after it has been completed by an insurance producer or a representative of the insurer, it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor an insurance agent is liable to the named insured or another insured under the policy for the insured's failure to purchase optional coverage or higher limits. (C) An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy. (D) Compliance with this section satisfies the insurer and agent's duty to explain and offer optional coverages and higher limits and no person, including, but not limited to, an insurer and insurance agent is liable in an action for damages on account of the selection or rejection made by the named insured. (E) If the insured fails or refuses to return an executed offer form within thirty days to the insurer, the insurer shall add on uninsured motorist and underinsured motorist coverages with the same policy limits as the insured's liability limits.

[6] The court observes that Plaintiff's Response in Opposition to State Farm's Motion for Summary Judgment was untimely filed. The deadline to respond was November 18, 2020, and Plaintiff did not file a Response until November 30, 2020. (*See* ECF Nos. 34, 37.) Under the court's local rules, "[i]f no memorandum in opposition is filed within fourteen (14) days of the date of service, the court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any." Local Civ. Rule 7.06 (D.S.C.). Despite the discretion permitted by the Local Civil Rules, the court did fully consider the arguments presented by Plaintiff in his filings and at the motions hearing.

offer of UIM coverage.  (*Id.* at 2–3.)

    2.  *The Court's Review*

Without citing to relevant law, Plaintiff contends that there is an issue of fact regarding whether State Farm breached a duty to make him a meaningful offer of UIM coverage. Under S.C. Code Ann. § 38-77-160 (West 2021), an automobile insurance carrier is required to "offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute." *Id.* "If the insurer fails to make a meaningful offer of UIM coverage to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." *McDonald v. S.C. Farm Bureau Ins. Co.*, 518 S.E.2d 624, 625 (S.C. Ct. App. 1999) (citing *Butler v. Unisun*, 475 S.E.2d 758, 760 (S.C. 1996)). In South Carolina, insurers must "afford all named insured the opportunity to accept or reject UIM coverage." *Id.*

Upon its review, the court observes that the following testimony by Plaintiff demonstrates that at the time of his accident, he did not know that he had an insurable ownership interest in the Kia:

> Q.    Okay.  So at the time of your automobile accident with Mr. Francois in July 2016, did you have any interest in the Kia?
> A.    I did not.  No.
> Q.    Okay.
> A.    Absolutely not.
> Q.    Okay.  All right.  That was Ms. Testa's car and her car alone when you had the accident with Mr. Francois on July 24, 2016?
> A.    Yes.

(ECF No. 34-2 at 8:11–20.)  Moreover, Plaintiff has failed to specify the evidence in the record demonstrating that State Farm was aware that Plaintiff had an insurable ownership interest in the

Kia. *Cf. McDonald*, 518 S.E.2d at 626 ("Regardless of the manner in which Farm Bureau processed McDonald's request for his own insurance policy, McDonald was a new named insured with the carrier, entitled to an offer of UIM coverage."). Because there does not appear to be any dispute of fact that either Plaintiff or State Farm believed Plaintiff had an insurable ownership interest in the Kia at any time before his accident, the court is unable to find that State Farm had a duty to make him a meaningful offer of UIM.[7] *See Am. Mut. Fire Ins. Co. v. Passmore*, 274 S.E.2d 416, 417 (S.C. 1981) ("Liability insurance, like other forms of insurance, must be supported by an insurable interest in the named insured." (citation omitted)); *Nationwide Mut. Ins. Co. v. Smith*, 654 S.E.2d 837, 840 (S.C. Ct. App. 2007) ("An automobile insurance policy, like other forms of insurance, must be supported by an insurable interest in the named insured." (citing *Passmore*)). *Cf. Smith*, 654 S.E.2d at 840–41 ("Where a named insured does not have any insurable interest in the vehicle, the insurance policy is illegal." (citations omitted)). Accordingly, State Farm is entitled to summary judgment.

B.   Trumbull's Motion for Summary Judgment

   *1. The Parties' Arguments*

Trumbull argues that it is entitled to summary judgment because "the Trumbull Policy excludes UIM coverage when the vehicle involved in the collision does not have UIM." (ECF No. 35 at 1.) Specifically, the Trumbull Policy contains the following provision:

**Section II Underinsured Motorists**
   Exclusions A. 1. is amended as follows:

   **C.**   We do not provide Underinsured Motorists Coverage for **property damage** or **bodily injury** sustained:

---

[7] At the February 2, 2021 motions hearing, counsel for Plaintiff argued that State Farm should have performed its own investigation to determine the Kia's ownership prior to issuing the State Farm Policy. However, Plaintiff neither submitted nor was the court able to find any statutory or case law establishing the existence of such a duty on an insurer.

1. By you while **occupying**, or when struck by, any motor vehicle you own which is not insured for this coverage.  This includes a trailer of any type used with that vehicle.
2. By any **family member** while **occupying**, or when struck by, a motor vehicle owned by such **family member** which is not insured for this coverage.  This includes a trailer of any type used with that vehicle.

(ECF No. 35-2 at 16 (emphasis in the original).)  In considering the foregoing, Trumbull further argues that "[s]ince there was no UIM on Mary Testa's vehicle and [] Plaintiff has presented no evidence that he is a Class I insured as to the Trumbull (Hartford) policy[, ] Plaintiff is not entitled to stack the Trumbull policy under the exclusion."  (ECF No. 35 at 3.)

Plaintiff opposes Trumbull's Motion for Summary Judgment asserting that there is a genuine issue of material fact regarding "whether [he] was an owner of the KIA," because "[i]f [he], is **NOT** the owner of the KIA, the exclusion set forth by [Trumbull] would not be applicable and coverage would be afforded to Plaintiff."[8]  (ECF No. 39 at 2 (emphasis in original).)

2. *The Court's Review*

Upon its review, the court observes that the plain language of the Trumbull Policy's UIM exclusion prohibits UIM coverage on an owned vehicle that is not insured for UIM coverage.  In the instant matter, Plaintiff fails to create any disputed issue of fact regarding his co-ownership of the Kia or that it was not insured for UIM coverage at the time of his accident.  Therefore, as a result of its decision not to reform the State Farm Policy to include UIM coverage, the court must find that the Trumbull Policy's UIM exclusion applies to Plaintiff's claims against Trumbull.  Accordingly, Trumbull is entitled to summary judgment.

---

[8] The court observes that Plaintiff's Response in Opposition to Trumbull's Motion for Summary Judgment was also untimely filed.  The deadline to respond was November 30, 2020, and Plaintiff did not file a Response until December 8, 2020.  (*See* ECF Nos. 35, 39.)  Nevertheless, the court did fully consider the arguments presented by Plaintiff in his filings and at the motions hearing.

## V.     CONCLUSION

Upon careful consideration of the entire record, the court **GRANTS** Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment (ECF No. 34) and **DECLARES** that State Farm Policy No. 514 5422-D21-40 does not provide UIM coverage to Plaintiff Nicholas Koulpasis.  The court further **GRANTS** Defendant The Hartford Insurance Company's Motion for Summary Judgment (ECF No. 35) and **DECLARES** that Trumbull Policy No. 55 PHB258994 does not provide UIM coverage to Plaintiff for purposes of stacking coverages.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 5, 2021
Columbia, South Carolina